(92 App. Div. 376.)

### In re FERRIGAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ADMINISTRATOR—APPOINTMENT—APPLICATION OF NONRESIDENT ALIEN.
    Code Civ. Proc. § 2660, prescribes the persons entitled to letters of administration, and fixes their priorities. Section 2661 provides that letters of administration shall not be granted to a person not a citizen of the United States, unless he is a resident of the state. Section 2662 provides that a person entitled absolutely or "contingently" to administration may present to the Surrogate's Court a petition praying for letters to himself, or to such other person having a prior right as is entitled thereto, etc. *Held*, that a nonresident alien was not entitled to file a petition and secure the appointment of his resident attorney, he not being "contingently" entitled to letters himself.

Appeal from Surrogate's Court, New York County.

Proceedings for the appointment of an administrator de bonis non of the estate of Rose Ferrigan, deceased. From an order appointing the attorney of A. Nicholas Sheridan, assignee of the next of kin, the Lawyers' Surety Company, surety on bond of the deceased administrator, appeals. Reversed.

See 56 N. Y. Supp. 1107.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Carlisle Norwood, for appellant, Lawyers' Surety Company.
George H. Starr, for petitioner.
William T. Carlisle, for respondent William H. Kehun.

McLAUGHLIN, J. On the 15th of October, 1893, Rose Ferrigan, a resident of the city of New York, having personal property therein,

died, leaving her surviving a sister, Margaret Kehun, her only next of kin, who resided at Dundalk, Ireland. Upon the death of Mrs. Ferrigan, John Flynn, of Providence, R. I., and Mrs. Jennie Tinney, of New York, were appointed her administrators. They qualified and acted as such until the 15th of April, 1898, when Mrs. Tinney was removed, and thereafter Flynn acted as sole administrator until his death, which occurred on the 7th of July, 1902, the Ferrigan estate not then having been fully administered. Mrs. Kehun died on the 24th of September, 1902, leaving her surviving, as her next of kin, an only son, William Henry Kehun, who resides at Liverpool, England. Shortly prior to her death she assigned—apparently upon the supposition that her son was dead, as appears from statements in the assignment—all of her interest in the Ferrigan estate to A. Nicholas Sheridan, then and ever since a resident of Dundalk, Ireland. Subsequent to the death of Flynn, Sheridan, through an attorney of this court, filed a petition in the Surrogate's Court for letters of administration de bonis non of the goods, chattels, etc., of Rose Ferrigan, deceased. Upon the return of the citation issued upon the petition, the application of Sheridan was opposed by the Lawyers' Surety Company, the surety upon Flynn's bond, upon the ground that the petition of Sheridan was insufficient to give the court jurisdiction to appoint an administrator. The opposition of the surety company was ineffectual, and an order was entered appointing (the public administrator having refused to act) the attorney who filed the petition for Sheridan, and the surety company has appealed.

I am of the opinion that the order should be reversed. The Surrogate's Court is a court of limited jurisdiction. It has such powers as the statute gives it, and no more. Therefore, unless there be some statutory provision by which a nonresident alien can obtain letters for himself or another upon a petition filed by him for that purpose, there was no authority in the court to entertain the petition filed. We have been unable to find any such authority in the statute; on the contrary, section 2661 of the Code of Civil Procedure expressly provides that letters of administration shall not be granted to a person not a citizen of the United States, unless he is a resident of the state. Sheridan is not a citizen of the United States, nor is he a resident of the state of New York; on the contrary, the fact is not disputed that at the time the petition was filed he was a resident of Dundalk, Ireland. He could not, therefore, obtain letters for himself, and he could not authorize any one to do for him what he is precluded from doing. Sutton v. Public Administrator, 4 Dem. Sur. 33. Nor is there force in the suggestion that he could, under section 2662 of the Code of Civil Procedure, present to the Surrogate's Court a petition asking for letters, inasmuch as he was "contingently" entitled to letters himself. But he is not contingently entitled to letters. The word "contingently," as used in this section, means a person to whom, at the time the petition is filed, letters would issue if persons entitled thereto in priority, under section 2660, did not take. Here, when the petition was filed, Sheridan could not obtain letters, nor could he file a petition for letters, because he was not then contingently entitled thereto, and he could not

be, not being a citizen of the United States, until he became a resident of this state. If we are right in this conclusion, then it necessarily follows that the Surrogate's Court did not have jurisdiction to entertain the application of Sheridan, and for that reason the order appealed from must be reversed, and the proceeding dismissed. The public administrator of the county of New York is either absolutely or contingently entitled to letters of administration on this estate (section 2660, Code Civ. Proc.), and he can, therefore (section 2662, Id.), apply for the same, and if any reason exists why letters should not issue to him, that fact being made to appear, some other suitable person can be appointed.

The order appealed from, therefore, is reversed, with $10 costs and disbursements against the respondent Sheridan, and the proceeding instituted upon his petition dismissed, with costs in the court below. All concur.